UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS RAY REED,

       Plaintiff,                      CIVIL ACTION NO. 08-14838

       v.                               DISTRICT JUDGE DAVID M. LAWSON

SEVENTEENTH JUDICIAL         MAGISTRATE JUDGE VIRGINIA M. MORGAN
COURT,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

       This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff (a non-prisoner) alleges that he was improperly bound over for trial in a state court criminal matter on the basis of insufficient and false evidence. The matter has been referred to this Court for hearing and determination on all pretrial matters, including matters related to the review of *in forma pauperis* cases provided for in 28 U.S.S. § 1915(e)(2). After conducting such review, this Court recommends that plaintiff's complaint be **dismissed** *sua sponte* for failure to state a claim upon which relief can be granted.[1]

       On November 18, 2008, plaintiff filed a complaint against defendants in which he alleges that he was improperly bound over for trial in a state court criminal matter on the basis of

---

[1] IFP status was previously ordered granted to plaintiff. Service was denied without prejudice for the reason that the case fails to state a claim and is subject to sua sponte dismissal.

insufficient evidence (D/E #1).  According to the complaint, plaintiff was subsequently acquitted on all charges.  Based on his address filed with the court, plaintiff is not a prisoner.

Pursuant to 28 U.S.C. § 1915(e)(B) a court shall dismiss an action where a plaintiff is proceeding *in forma pauperis* if it determines that the case is frivolous or that if fails to state a claim upon which relief can be granted.  In this case, plaintiff's action fails to state a claim upon which relief can be granted and, accordingly, it should be dismissed.  Plaintiff's complaint alleges that defendant, the Seventeenth Judicial Court, violated his rights by binding him over for trial without probable cause to believe that plaintiff committed a crime.  However, while actions for violations of constitutional rights may be pursued under 42 U.S.C. § 1983, a court is not a "person" within the meaning of § 1983 and, therefore, a civil rights complaint cannot be brought against it.  Mumford v. Basinski, 105 F.3d 264, 266 (6th Cir. 1997); Foster v. Walsh, 864 F.2d 416, 418-419 (6th Cit. 1998).

While plaintiff only names a court as a defendant, he does identify the individual judge who bound him over for trial at the preliminary examination.  Nevertheless, even if plaintiff is seen as alleging a claim against that individual judge, he still fails to state a claim upon which relief can be granted.  "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."  Foster v. Wallace, 864 F.2d 416, 417 (6th Cir. 1988) (citations omitted).  See also Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2001) (granting summary judgment to a state court judge because judges are not liable for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly, and that immunity

applies to actions brought under § 1983 to recover for alleged deprivation of civil rights); Holloway v. Brush, 220 F.3d 767, 774 (stating that judges and other court officers are absolutely immune from suit on claims arising out of their performance of judicial or quasi-judicial functions, but not from suits that arise out of other conduct).  As stated by the United States Supreme Court:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions that likely provoke such suits.  The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability. [Forrester v. White, 484 U.S. 219, 226-227, 108 S.Ct. 538, 98 L.Ed.2d 55 (1988).]

"Absolute immunity is determined by a functional analysis that looks to 'the nature of the function performed, not the identity of the actor who performed it.'"  Holloway, 220 F.3d at 774 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).  See also Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).  The alleged actions by court officers in this case, *i.e.* binding plaintiff over for trial, are clearly judicial functions and, accordingly, the individual judge mentioned in the complaint would be entitled to absolute immunity.

Given that the defendant is not a "person" within the meaning of § 1983 and that, if named as a defendant, the individual judge would enjoy absolute immunity from plaintiff's claim, this Court recommends that plaintiff's complaint be **dismissed** *sua sponte* for failure to state a claim upon which relief can be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                     s/Virginia M. Morgan
                     Virginia M. Morgan
                     United States Magistrate Judge

Dated: December 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on December 31, 2008.

                     s/Jane Johnson
                     Case Manager to
                     Magistrate Judge Virginia M. Morgan